1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | ROSENDO MANZANAREZ, *individually and on behalf of others similarly situated*,

Case No. 1:23-cv-00258-JLT-BAM

12

Plaintiff,

13

v.

14

MADERA COLLECTION SERVICES,

15

Defendant.

16

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO RULE 41(b) AND DISMISSING PLAINTIFF'S CLASS WITHOUT PREJUDICE

(Docs. 1, 22)

17

18     The Court dismissed Plaintiff's complaint for failure to establish Article III standing.

19 (Doc. 22.) The Court granted Plaintiff 21 days to amend his complaint to show a concrete and

20 particularized injury. (*Id.* at 8–9.) Plaintiff has failed to do so.

21     Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff

22 fails to comply with a court order. Fed. R. Civ. P. 41(b).[1]  "By its plain text, a Rule 41(b)

23 dismissal . . . requires a court order with which an offending plaintiff failed to comply." *Applied*

24 *Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks,

25 citation, and footnote omitted).

26

27
---
[1] Similarly, this District's Local Rule 110 states that "[f]ailure of counsel or of a party to comply with these Rules *or with any order of the Court* may be grounds for imposition by the Court of *any and all sanctions* authorized by
28 statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110 (emphases added).  The Court acts pursuant to this District's Local Rule 110 as well in dismissing Plaintiff's case.

The Court must analyze five factors "before dismissing a case pursuant to Rule 41(b): 'the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

In *Edwards v. Marin Park, Inc.*, the Ninth Circuit held that in limited circumstances when a plaintiff fails to "give the court notice of intent not to file an amended complaint," and "instead simply fail[s] to take any action," its prior Rule 41(b) precedent of dismissal applies.  356 F.3d 1058, 1065 (9th Cir. 2004) (relying on *Yourish*, 191 F.3d at 986 and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).  In these situations, "resources continue to be consumed by a case sitting idly on the court's docket."  *Id.*  Thus, the *Edwards* Court reasoned, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal."  *Id.*  This rule does not apply when "the plaintiff makes an affirmative *choice* not to amend, *and clearly communicates that choice to the court*, [as] there has been no disobedience to a court's order to amend[.]" *Id.* (first emphasis in original, second emphasis added).

In its order, the Court advised Plaintiff that failure to comply would result in dismissal if or failed to communicate his next steps to the Court by the stated deadline.  (Doc. 22 at 8.)  The Court specifically invoked Rule 41(b) and ordered Plaintiff to take *some* kind of action in response to its order. Plaintiff has failed to do so (Doc. 22).  Rule 41(b) sanction is therefore appropriate. *Edwards*, 356 F.3d at 1065.  The Court is satisfied that Plaintiff had more than adequate notice that such inaction would result in dismissal of his case.

Furthermore, the Court is satisfied that "at least three factors strongly support dismissal." *Yourish*, 191 F.3d at 990 (internal quotation marks and citation omitted).  As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  The second factor is also easily met here, as "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Id.* (citation omitted).  The Eastern

District of California has a judicial resource emergency, and "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]" *Id.* (citation omitted); *see also* Doc. 13 ("ongoing judicial resource emergency in this District") *see also Edwards*, 356 F.3d at 1065.

The third factor looks to prejudice faced by the Defendant.  More than 21 days have passed since the dismissal and Plaintiff has failed to "come forth with an excuse for his delay."  *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (internal quotation marks and citation omitted).  "The law presumes injury from unreasonable delay," however this presumption of prejudice may be rebutted "if there is a showing that no actual prejudice occurred[.]" *Id.* at 1452–53 (internal quotation marks and citation omitted).  Plaintiff has failed to state any reason excusing his inaction.  *See Pagtalunan*, 291 F.3d at 642 ("[W]e have also related the risk of prejudice to the plaintiff's reason for defaulting.") (citation omitted).  In other words, Plaintiff has failed to rebut this presumption.  This factor weighs in favor of dismissal.

Also, as noted, the Court warned Plaintiff that the failure to file an amended Complaint or a notice of dismissal, or to otherwise take action would result in a Rule 41(b) dismissal of his case. Thus, no less drastic alternative to dismissal is available.  *Yourish*, 191 F.3d at 990. Accordingly, the Court determines that Rule 41(b) dismissal is appropriate.  The Court will therefore dismiss with prejudice the named Plaintiff in this case and dismiss his putative class without prejudice.

**CONCLUSION**

Based upon the foregoing, the Court **ORDERS**:

(1) Rosendo Manzanarez's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failing to timely comply with the Court's previous Order and ultimatum (Doc. 22).   However, claims contained within Plaintiff's putative class are **DISMISSED WITHOUT PREJUDICE**.

///

///

///

3

(2) The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:  __**April 17, 2024**__

UNITED STATES DISTRICT JUDGE